**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE PARENTAL RIGHTS AS TO: A.J.E., <br><br> SYLVIA R. S., <br> Appellant, <br> vs. <br> CLARK COUNTY DEPARTMENT OF FAMILY SERVICES, <br> Respondent. | No. 64166 <br><br> **FILED** <br><br> SEP 1 8 2015 <br><br> TRACIE K. LINDEMAN <br> CLERK OF SUPREME COURT <br> BY S. Young <br> DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating parental rights as to a minor child. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

In April 2012, appellant Sylvia S. gave birth to A.J.E., who tested positive for substance exposure. After the child was placed in protective custody, a hearing was held in May 2012 before a hearing master on respondent Clark County Department of Family Services' (DFS) abuse and neglect petition. DFS made an oral motion to waive the duty to make reasonable efforts to reunite the family, which the hearing master granted and included in his recommendation. However, no notice of the hearing master's recommendation was given to Sylvia.

In May 2013, the district court issued an order terminating Sylvia's parental rights. Sylvia was not present for the termination proceeding nor was counsel appointed for her. The district court found that Sylvia had abandoned A.J.E., made only token efforts to reunite with the child, and failed to adjust her circumstances, which led to the placement of A.J.E. outside of her home. The district court also found that

15-28309

it was in the best interests of the child to terminate Sylvia's parental rights.

Sylvia appeals and raises the following issues: (1) whether substantial evidence supported the termination of her parental rights; (2) whether her due process rights were violated by the district court's failure to appoint counsel, and (3) whether her due process rights were violated by the failure to serve upon her notice of the hearing master's recommendation.

*Substantial evidence supported the termination of Sylvia's parental rights*

When terminating a person's parental rights, the district court must consider the best interests of the child and

> must find at least one of the enumerated factors
> for parental fault: abandonment of the child;
> neglect of the child; unfitness of the parent; failure
> of parental adjustment; risk of injury to the child
> if returned to, or if left remaining in, the home of
> the parents; [or] only token efforts by the parents.

*In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 801, 8 P.3d 126, 133 (2000); *see also* NRS 128.105 (stating the factors). "[T]he best interests of the child and parental fault must both be shown by clear and convincing evidence." *In re N.J.*, 116 Nev. at 801, 8 P.3d at 133. "This court will uphold termination orders based on substantial evidence, and will not substitute its own judgment for that of the district court." *Id.* at 795, 8 P.3d at 129.

*Substantial evidence supported the district court's finding of abandonment*

"Lack of support plus other conduct such as a failure to communicate by letter or telephone, or absence of sending of gifts is sufficient to uphold the trial court's conclusion that a child had been abandoned." *Sernaker v. Ehrlich*, 86 Nev. 277, 280, 468 P.2d 5, 7 (1970).

Between A.J.E.'s placement with her foster parents in April 2012 and the termination trial in April 2013, Sylvia visited A.J.E. a total of 12 times—six times between April and June 2012, four times in October 2012, and two visits between March and April 2013. Sylvia argues that she did not abandon the child between June and October 2012 because she was incarcerated or in drug rehab. Sylvia does not, however, address why she did not communicate this with DFS or why she did not visit between October 2012 and March 2013. Furthermore, during this time, Sylvia did not communicate with the child or the foster parents, send gifts, or otherwise provide support for the child. Therefore, we hold that substantial evidence supported the district court's finding that Sylvia abandoned A.J.E.[1]

*Substantial evidence supported the district court's finding that A.J.E.'s best interests would be served by terminating Sylvia's parental rights*

"When resolving a child custody dispute involving a child's natural parent, the child's best interest is paramount, even though the parent may have a competing constitutionally protected interest in the parent-child relationship." *Clark Cnty. Dist. Attorney v. Eighth Judicial Dist. Court*, 123 Nev. 337, 346 n.23, 167 P.3d 922, 928 n.23 (2007). In determining the best interests of the child, the "'continuing needs of a child for proper physical, mental and emotional growth and development

---

[1]Because we hold that substantial evidence supported the district court's finding that Sylvia abandoned A.J.E., we do not reach the issue of whether substantial evidence supported the district court's finding of token efforts or failure of parental adjustment because a finding of a single enumerated factor is sufficient. *See In re N.J.*, 116 Nev. at 801, 8 P.3d at 133 (requiring that only one of the enumerated factors of parental fault be found to support termination of parental rights).

are the decisive considerations.'" *In re N.J.*, 116 Nev. at 800, 8 P.3d at 132-33 (quoting NRS 128.005(2)(c)).

When evaluating A.J.E.'s best interests, the district court considered evidence of Sylvia's lengthy drug history; A.J.E.'s exposure to controlled substances at the time of her birth; Sylvia's failure to comply with drug testing, substance abuse counseling, and the case plan; and Sylvia's failure to communicate or support A.J.E. It also considered evidence that A.J.E.'s foster parents have been married for five years, the foster father has stable employment, and the foster parents have bonded with A.J.E. and wish to adopt her. Therefore, we hold that substantial evidence supported the district court's finding that A.J.E.'s best interests were served by the termination of Sylvia's parental rights.

*Sylvia's due process rights were not violated when she was not appointed counsel*

"If the parent or parents of the child desire to be represented by counsel, but are indigent, the court *may* appoint an attorney for them." NRS 128.100(2) (emphasis added). Due process does not necessarily require the appointment of counsel at a termination hearing. *In re Parental Rights as to N.D.O.*, 121 Nev. 379, 382-83, 115 P.3d 223, 225-26 (2005). However, when a case is particularly complex or when expert testimony is involved, the refusal to appoint counsel can violate due process. *Id.* at 383-84, 115 P.3d 226.

Here, Sylvia did not request counsel, and her case was not complex nor did it involve expert testimony. Therefore, we hold that Sylvia has not demonstrated that her due process rights were violated when the district court failed to appoint counsel to represent her.

*Sylvia's due process rights were not violated by the failure to serve notice of the hearing master's recommendation of waiver of reasonable efforts*

Eighth Judicial District Court Rule 1.46 requires that notice of a hearing master's findings and recommendations be served upon the parties, at which point any party has five days in which to object. EDCR 1.46(g)(1), (5).

An order terminating parental rights "must be made in light of the considerations set forth in [NRS 128.105] and NRS 128.106 to 128.109, inclusive." NRS 128.105. Under NRS 128.106, in determining whether a parent is unfit, "the court shall consider, without limitation," the "[i]nability of appropriate public or private agencies to reunite the family despite reasonable efforts on the part of the agencies," which may diminish one's suitability as a parent. NRS 128.106(8). Thus, while the district court generally must consider the services offered to the parent, no specific termination statute requires reasonable efforts by the state as a condition for termination.

The hearing master recommended that DFS's duty to make reasonable efforts to reunite the family be waived. The record does not show that notice was served on Sylvia of either DFS's motion for such a waiver or of the hearing master's recommendation. However, providing notice of the waiver of reasonable efforts is not a condition for the termination of parental rights. For example, under NRS 128.109(3), evidence of failure by the state to provide services to the family cannot be used to overcome the presumption of parental unfitness that arises if the parent does not substantially comply within six months with the case plan. *See* NRS 128.109. As Sylvia fails to identify any statute or caselaw that requires notice of waiver of reasonable efforts as a condition of termination, she has not demonstrated that such an omission would

violate her right to due process. Therefore, we hold that Sylvia's due process rights were not violated when her parental rights were terminated by the district court after the hearing master waived reasonable efforts without providing notice to her.

*Conclusion*

Substantial evidence supported the district court's termination of Sylvia's parental rights. Furthermore, Sylvia's due process rights were not violated by the district court's failure to appoint counsel to represent her and the failure to serve the notice of the hearing master's recommendation upon her. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Robert Teuton, District Judge, Family Court Division
     A.M. Santos Law, Chtd.
     Clark County District Attorney/Juvenile Division
     Eighth District Court Clerk